holding today in *Vaughan v. Metal Lathers Local 46 Pension Fund, supra*, is directly on point. Applying the test in *Valle v. Joint Plumbing Industry Board*, 623 F.2d 196, slip op. 2369 (2d Cir. Apr. 11, 1980), Devine was not an intended beneficiary of disability pension benefits at the time of the 1977 amendment to the Plan since he did not become disabled until after that amendment was approved. Moreover, Devine has not been retroactively stripped of any service credit or right to normal retirement pension. Finally, Devine was notified of the 1977 amendment by a reasonable method.

Thomas VAUGHAN, Plaintiff-Appellee,

v.

METAL LATHERS' LOCAL 46 PENSION FUND; John Pregenzer, Individually and in his capacity as Fund Director; James J. Downey, Jr., William Joshua Barney, Jr., Alfred G. Gerosa, Jeremiah Burns, John Tierney, Michael J. Brennan, David Richardson, and Peter McGovern, Individually and in their capacities as Trustees; and Metal Lathers' Local Union 46; Thomas Reynolds, Joseph Parker, John Tierney, and Frank Harrington, Individually and in their capacities as President, Vice-President, Treasurer, and Secretary, respectively, Defendants-Appellants.

James BUDDINE, Plaintiff-Appellee,

v.

METAL LATHERS' LOCAL 46 PENSION FUND et al., Defendants-Appellants.

William FRASER, Plaintiff-Appellant,

v.

METAL LATHERS' LOCAL 46 PENSION FUND et al., Defendants-Appellees.

Nos. 1038, 1039 and 1040, Dockets 80–7064, 80–7070 and 80–7074.

United States Court of Appeals, Second Circuit.

Argued April 16, 1980.

Decided June 25, 1980.

Harold Skovronsky, Brooklyn, N.Y. (Schoffman & Skovronsky, Brooklyn, N.Y., of counsel), for plaintiffs-appellees Vaughan, Buddine and Fraser.

Richard H. Markowitz, New York City (Andrew L. Markowitz, New York City, of counsel), for defendants-appellants.

Before LUMBARD and MULLIGAN, Circuit Judges, and SPEARS *, District Judge.

PER CURIAM:

Plaintiffs Thomas Vaughan, James Buddine and William Fraser, three disabled metal lathers, brought this action against defendants-appellants, the Metal Lathers Local 46 Pension Fund ("Plan"), John Pregenzer, Fund Director, the Trustees of the Metal Lathers Local 46 Pension Fund ("Trustees"), and the Metal Lathers Local Union 46 and certain officers thereof in the United States District Court for the Southern District of New York challenging the denial of pension disability benefits to them by the Trustees of the Plan. The Trustees had denied their applications for disability benefits for failure to comply with a 1977 amendment to the Plan which requires that an applicant for a disability pension earn two pension credits immediately preceding the calendar quarter in which he became totally disabled. The facts of this case are more fully set forth in the opinion of the district court below, Hon. Leonard B. Sand, Judge, reported at 474 F.Supp. 613 (D.C. 1979). There Judge Sand held that plaintiffs Vaughan and Buddine were entitled to disability pension benefits, having satisfied the requirements of the 1977 amendment to the Plan, and accordingly granted Vaughan's and Buddine's motion for summary judgment. The court also granted summary judgment in favor of the defendants and against Fraser on the ground that Fraser had failed to meet the "two credit" requirement.

* United States District Judge for the Western District of Texas, sitting by designation.

Defendants-appellants appeal from the judgment of the district court with respect to plaintiffs Vaughan and Buddine. Fraser appeals from the denial of his motion for summary judgment and the granting of the defendants' motion for summary judgment against him. We affirm the judgment of the district court for the reasons stated in Judge Sand's opinion. 474 F.Supp. at 618–20. However, we address one further point raised by Fraser, i. e., that the application of the "two credit" amendment to him would be arbitrary and capricious based on this court's recent decisions in *Agro v. Joint Plumbing Industry Board*, 623 F.2d 207, slip op. 2359 (2d Cir. Apr. 11, 1980) and *Valle v. Joint Plumbing Industry Board*, 623 F.2d 196 (2d Cir. Apr. 11, 1980).

We find that *Agro* and *Valle* are distinguishable from the instant situation. Both cases involved retired plumbers who were denied retirement pension benefits by the Plumbing Industry Board on the ground that they did not satisfy a 1966 amendment to the pension plan which required that a participant in the plan work fifteen consecutive years for contributing employers immediately prior to his application for benefits. This court, in holding that the application of the new eligibility requirements to the participants involved was arbitrary and capricious, identified a number of factors which should be considered in making that determination. They include:

the extent to which the applicant was an intended beneficiary of the plan, the extent to which the amendment retroactively strips the beneficiary of significant service credit, the extent to which the trustees have notified the employee of these and other changes in rules, and the extent to which there is actuarial justification for denying benefits in the particular case.

*Valle v. Joint Plumbing Industry Board, supra*, at 203; see *Agro v. Joint Plumbing Industry Board, supra*, at 210.

In *Agro* and *Valle*, the court found that each of the plaintiffs was an intended beneficiary of the pension fund at issue since each had been a union member for 30 years

or more. Moreover, the plaintiffs had each, prior to 1966, satisfied the eligibility rules for retirement benefits as they existed at that time. Finally, the court noted that the plaintiffs had also been unfairly prejudiced by the failure of the defendants to give plaintiffs adequate notice of the amendments to the pension plan.

In the instant case, however, while Fraser is clearly an intended beneficiary of retirement benefits, he was not at the time of the 1977 amendment to the Plan an intended beneficiary of disability pension benefits since he did not become disabled until one month after that amendment was instituted. Since the onset of disability is a purely contingent event, Fraser had no vested right to a disability pension at the time of the 1977 amendment. Further, Fraser has not been stripped retroactively of any service credit or right to normal retirement pension. The Trustees of the Plan have merely sought to limit eligibility for disability pensions to those persons who have an attachment to and continuity of employment in the metal lathing industry. Finally, as Judge Sand noted, the Trustees employed a reasonable method of notifying participants in the Plan of the 1977 amendment. 474 F.Supp. at 620.

Accordingly, the judgment of the district court is affirmed.